IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROSCOE WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:10-cv-0587 |
| v. | ) | Judge Nixon/Brown |
| | ) | **Jury Demand** |
| CORRECTIONS CORP. OF AMERICA and COMPASS GROUP, | ) ) | |
| Defendants. | ) ) | |

To: The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are the Motion for Summary Judgment filed by Defendant Corrections Corporation of America ("CCA") (Docket Entry 13) and the Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Compass Group USA, Inc. (Docket Entry 20). The Magistrate Judge has also reviewed Defendants' Memoranda, Plaintiff's Responses, and Defendant Compass Group's Reply. (Docket Entries 14-16, 18, 19, 21, 24-26). Also pending before the Magistrate Judge is Plaintiff's Motion to Amend his Complaint (Docket Entry 29), which Defendant Compass Group has opposed. (Docket Entry 30).[1] For the reasons stated below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend be **GRANTED**; Defendant CCA's Motion be **GRANTED in part** and **DENIED in part**; and Defendant Compass Group's Motion be **GRANTED in part** and **DENIED in part** and that this action be **DISMISSED without prejudice** to refiling in state court.

---

[1] The Magistrate Judge initially denied Plaintiff's Motion to Amend without prejudice, as Plaintiff did not file his proposed Amended Complaint with the Motion. (Docket Entry 28).

I. INTRODUCTION AND BACKGROUND

Plaintiff filed this lawsuit against Corrections Corporation of America ("CCA"), alleging CCA violated his rights under 42 U.S.C. § 1983 and was negligent, causing his injury. (Docket Entry 1). Plaintiff was incarcerated at CCA's Davidson County facility, located in Nashville, Tennessee. *Id*. On June 21, 2009, he was using a tilt-skillet to prepare vegetables in the prison kitchen. *Id*. Plaintiff alleges that, as a result of CCA's negligence, he was injured when the skillet shifted and caused boiling water to spill into Plaintiff's boots, scalding his feet and causing severe burns. *Id*. Plaintiff further alleges CCA exhibited deliberate indifference to his rights by failing to provide instruction or training in properly using the tilt skillet, as well as by failing to properly maintain the equipment. *Id*.

In its Answer, filed on August 5, 2010, CCA identified Compass Group as the party "responsible for providing manual food preparation services" and for supervising Plaintiff as he worked in the kitchen. (Docket Entry 7). CCA also asserted comparative fault as a defense to Plaintiff's claims.[2] *Id*.

On October 21, 2010, Plaintiff filed an Amended Complaint naming Compass Group as a defendant. (Docket Entry 11). The Clerk filed this document although the Plaintiff had not sought or been granted permission to file it. No motion to strike the pleading was filed until January 4, 2011, when Defendant Compass Group filed its opposition to Plaintiff's Motion to Amend. (Docket Entry 27). Summons was issued as to Compass Group on November 3, 2010. (Docket Entry 12). Plaintiff and Compass Group agree that the summons was executed on Compass Group on November 15, 2010. (Docket Entries 21, 25). CCA filed its Motion for

---

[2] It is unclear whether this comparative fault was asserted against Plaintiff or Compass Group or both.

Summary Judgment on November 4, 2010, including a Memorandum of Law, Statement of Undisputed Material Facts, and Affidavit of Tracie Matthews. (Docket Entries 13-16). Compass Group filed its Motion to Dismiss on December 6, 2010. (Docket Entry 20).

Plaintiff then filed a Motion to Amend his Complaint to add Compass Group as a defendant on December 21, 2010. (Docket Entry 23). Compass Group opposed this motion. (Docket Entry 27). The Magistrate Judge denied Plaintiff's Motion on January 13, 2011, without prejudice, as Plaintiff had not included a copy of the proposed Amended Complaint with his motion. (Docket Entry 28). The Magistrate Judge did not realize at the time the Motion was related to the earlier filed pleading. (Docket Entry 11). Had he realized this, the Motion to Amend would very likely have been granted at that time. Plaintiff renewed his Motion to Amend on January 18, 2011, attaching a copy of the Amended Complaint originally filed with the Court on October 21, 2010. (Docket Entry 29). Compass Group again opposed Plaintiff's Motion. (Docket Entry 30). Compass Group's Motion to Dismiss was referred to the undersigned on February 9, 2011. (Docket Entry 31). CCA's Motion for Summary Judgment was referred to the undersigned on February 24, 2011. (Docket entry 32).

## II. STATEMENT OF UNDISPUTED FACTS

As an exhibit to its Motion for Summary Judgment, Defendant CCA submitted a Statement of Undisputed Material Facts. (Docket Entry 15). Plaintiff has submitted a Response. (Docket Entry 19). The undisputed material facts are summarized below, with Plaintiff's objections included.

CCA's principal place of business is located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215. CCA has submitted policies pertaining to Food Service Operations, Physical

Plant Maintenance, Physical Plant Area Requirements, Facility Safety Authority/Team Safety Program, and Safety Inspections.

Customs at the Detention Facility currently mandate that CCA will secure instruction and training for positions holding positions in the Food Service Department. CCA currently adheres to its custom and will secure instruction and training for prisoners holding positions in the Food Service Department through its National Food Service Agreement with Compass Group, USA, Inc. ("Compass"), the entity responsible for providing manual food preparation services at the Detention Facility. The National Food Service Agreement provides: "CCA will pay an inmate [working in the Food Service Department] compensation; however Compass is responsible for their work performance, training, and supervision." CCA customs currently mandate that experienced personnel monitor and supervise prisoners as they work in the Food Service Department. The National Food Service Agreement provides: "Compass will provide onsite management and supervisory personnel." Plaintiff disputes whether any of these customs were in existence at the time of his injury.

While CCA contracted with Compass to provide instruction, training, and supervision in the Detention Facility Food Service Department, CCA does not understand that Compass has ever neglected to perform these functions. To the contrary, CCA understands that Compass appropriately provided prisoners who worked in the Food Service Department appropriate instruction, training, and supervision. Plaintiff is without sufficient information at this time to dispute or not dispute this statement.

The prisoners who work in the Food Service Department utilize various pieces of equipment. CCA customs currently require the appropriate maintenance of this and all equipment

at the Detention Facility. Plaintiff is without sufficient information at this time to dispute or not dispute this statement.

III. LEGAL DISCUSSION

**A. Plaintiff's Motion to Amend**

As an initial matter, Defendant Compass Group challenges Plaintiff's amendment of his Complaint to include Compass Group as a defendant. Compass Group argues that, first, Plaintiff did not properly amend his complaint to add Compass Group as a defendant and, even if the amendment were deemed proper, Plaintiff's claims are untimely because Plaintiff cannot take advantage of Tennessee's saving statute, Tenn. Code Ann. § 20-1-119.

Defendant CCA filed its Answer on August 5, 2010. (Docket Entry 7). In the Answer, CCA stated that it was without knowledge or information sufficient to admit or deny Plaintiff's factual allegations regarding his injury "because Compass Group, USA, Inc., by and through its Canteen Correctional Services Division and Canteen Vending Services Division ("Compass"), was responsible for providing manual food preparation services at the Detention Facility, and Plaintiff was working under Compass' supervision." *Id*. at ¶ 4. Plaintiff then filed an Amended Complaint naming Compass Group as a defendant on October 21, 2010, without requesting leave of the Court or obtaining consent from the other parties. (Docket Entry 11). A summons was issued for Compass Group on November 3, 2010, which the parties agree was executed on November 15, 2010. (Docket Entries 12, 21, 25). After Compass Group filed its Motion to Dismiss, Plaintiff filed a Motion to Amend. (Docket Entry 23).[3]

---

[3] This Motion to Amend was denied without prejudice, as Plaintiff did not include a copy of his proposed amended complaint. (Docket Entry 28). Plaintiff refiled his Motion on January 18, 2011. (Docket Entry 29).

5

Fed. R. Civ. Pro. 15(a)(2) allows a party to amend its pleading after a responsive pleading has been filed only with the opposing party's consent or by the court's leave. The court's leave should be freely given "when justice so requires." *Id.* Leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The primary purpose of Rule 15(a) "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

While Plaintiff should clearly have requested the Court's permission prior to filing his Amended Complaint, the Magistrate Judge does not believe it productive to deny Plaintiff's amendment at this date. The Magistrate Judge would have granted this Motion had it been raised at the appropriate time, and Compass Group cannot claim to have been prejudiced, having been aware of Plaintiff's claims against it since it was served with Plaintiff's Amended Complaint on November 15, 2010. (Docket Entry 21-1).

The parties appear to be in agreement that Plaintiff's claims, based in negligence, are subject to a one year statute of limitations, which expired on June 22, 2010. *See* Tenn. Code Ann. § 28-3-104(a)(1). Plaintiff relies on Tennessee's saving statute for comparative fault, Tenn. Code Ann. § 20-1-119, to relate the joinder of Compass Group back to his original filing date, June 14, 2010, which would be timely. Defendant argues that Plaintiff cannot avail himself of this statute, as he has not met the requirements.

Section 20-1-119 provides that a plaintiff may assert a claim against a non-party identified by the defendant in an answer or amended answer as a cause or contributing cause to the plaintiff's injury. The plaintiff may either amend his complaint or file a separate action against the

non-party, and the claims will not be time-barred provided the original cause of action was timely. The plaintiff must, however, amend his complaint or institute the separate action within ninety (90) days of the filing of the answer or amended answer identifying the non-party.

The Tennessee Supreme Court has held that § 20-1-119 "require[s] four discrete actions within ninety (90) days: (1) the filing and (2) granting of a motion to amend, (3) the filing of an amended complaint, and (4) the issuance of process." *Jones v. Prof. Motorcycle Escort Serv., LLC*, 193 S.W.3d 564, 570 (Tenn. 2006). At least one federal court has agreed with this approach, despite noting that the statute may produce "a harsh result," as the plaintiff is dependent on the court's timely action. *See Anderson v. Bovis Lease*, 2008 W. 336741 (E.D. Tenn. Feb. 5, 2008).

Compass Group, as an initial matter, argues that CCA's Answer did not, in fact, identify Compass Group as a tortfeasor or contributing tortfeasor. While CCA has submitted an affidavit with its Motion for Summary Judgment that indicates CCA believed Compass Group had acted appropriately and provided instruction, training, and supervision, it is apparent in CCA's Answer that Compass Group would likely be a contributing tortfeasor if Plaintiff's claims are true. (Docket Entry 16).

Compass Group contends that Plaintiff failed to satisfy the first two requirements by not seeking leave to file his Amended Complaint, which is required under Rule 15(a)(2). Compass Group also argues Plaintiff failed to obtain the issuance of process in the proscribed time period. If the Magistrate Judge were to strictly construe § 20-1-119, as interpreted by *Jones*, to the facts of this case, Plaintiff would indeed face a harsh result. Because Plaintiff failed to file a Motion to Amend, as required by the Federal Rules, his claims against Compass Group would be untimely.

Had Plaintiff filed in Tennessee state court, however, he would not have been required to seek leave to amend his complaint under Tenn. R. Civ. P. 15.01. Rule 15.01 was, in fact, amended

7

in 2007 to allow amendment under § 20-1-119 without consent of the other party or leave of court as direct a result of the Tennessee Supreme Court's ruling in *Jones*. *See* 2007 Advisory Committee Comment to Tenn. R. Civ. P. 15.01.[4] Because this Court must apply federal procedural law and Tennessee substantive law, including the statute of limitations, Plaintiff will obtain different results in federal court than he would have in state court. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1968). In a case premised on diversity jurisdiction, as this one is in part,[5] "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of N.Y. v. York*, 362 U.S. 99, 109 (1945). In this case, Plaintiff's action hangs on which procedural rule to apply, and the Magistrate Judge believes that Plaintiff should be deemed to have properly amended his complaint as of the date he filed his Amended Complaint, October 21, 2010.[6]

Defendant Compass Group further argues, of course, that Plaintiff failed to serve them until November 15, 2010, which is outside the 90 days allowed under § 20-1-119. Summons was

---

[4] The full comment states:
> The need for the new third sentence of Rule 15.01 was highlighted by *Jones v. Professional Motorcycle Escort Service, L.L.C.*, 193 S.W.3d 564 (Tenn. 2006). Because Tenn. Code Ann. §20-1-119 allows potential comparative tortfeasors pleaded in the answer to be added to the complaint, there is no reason to trouble the trial court with permission to amend. The new language resolves an ambiguity created by the statute and the earlier version of the rule.

[5] While Plaintiff has raised federal constitutional claims, he has also alleged diversity jurisdiction under 28 U.S.C. § 1332. The Magistrate Judge is recommending that Plaintiff's constitutional claims be dismissed and, therefore, Plaintiff's remaining negligence claims are premised on diversity jurisdiction.

[6] In addition, had Plaintiff filed a Motion to Amend on this date, the Magistrate Judge would have allowed amendment, given the liberal nature of the Federal Rules in amending pleadings. *See* Fed. R. Civ. P. 15.

issued as to Defendant Compass Group on November 3, however, which was within 90 days of Defendant CCA's Answer. (Docket Entry 12). Section 20-1-119 specifically states that Plaintiff must "cause process to be issued" for the non-party. It is clear from both the Federal Rules and the Tennessee Rules of Civil Procedure that the issuance of a summons (or process) is distinct from service. *See* Fed. R. Civ. P. 4(b) and (c); Tenn. R. Civ. P. 4.01 and 4.03. While at least one federal court has conflated service of process with issuance of process, the undersigned disagrees and believes that Plaintiff timely caused process to be issued in this case.[7] *See Anderson*, 2008 WL 336741, *2.

For the foregoing reasons, the Magistrate Judge believes Plaintiff properly amended his complaint to add Compass Group as a defendant. Pursuant to Tenn. Code Ann. § 20-1-119, Plaintiff's claims relate back to the filing of his original complaint and are therefore timely. The Magistrate Judge therefore **RECOMMENDS** Plaintiff's Motion to Amend be **GRANTED**.[8]

### B. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and

---

[7] Moreover, Plaintiff's service of the summons was timely under either the Tennessee Rules (30 days after issuance) or the Federal Rules (120 days after filing complaint). *See* Tenn. R. Civ. P. 4.03; Fed. R. Civ. P. 4(m).

[8] Although this is a matter that can be handled pursuant to the Magistrate Judge's authority, the Magistrate Judge has included it as a recommendation because the issues cannot be disentangled from Defendant Compass Group's Motion to Dismiss.

plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### C. Standard of Review for Summary Judgment

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party. *Id.*

### D. Section 1983 Claims

Section 1983 creates a federal cause of action when state or local officials deprive a person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To assert a claim under § 1983, the Plaintiff "must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Moreover, when asserting a § 1983 claim against a government entity, "a plaintiff must show that the alleged federal right violation occurred because of [an unconstitutional] policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). A government entity may not be held liable under a *respondeat superior* theory and may not be sued based solely on the actions of its employees or agents. *Id.*

Plaintiff has alleged that both Defendants violated § 1983 by failing to train Plaintiff in using the tilt skillet and by failing to maintain the tilt skillet. (Docket Entry 11). Plaintiff does not allege that either Defendant had a policy or custom in place that would result in improper training or maintenance. Defendant CCA has provided copies of policies and an Affidavit that show policies are, in fact, in place at the Davidson County facility for training and supervising employees and food preparation, as well as for properly maintaining equipment. (Docket Entry 16).

While Plaintiff argues that he cannot know at this point whether such policies were in place at the time of his injury, the Magistrate Judge notes that the policies submitted as exhibits to the Affidavit clearly have effective dates no later than May 5, 2008, with the exception of the Physical Plant Area Requirements. (Docket Entry 16). The Physical Plant Area Requirements became effective on August 10, 2009 at Metro-Davidson County Detention Facility, although they were effective within CCA as of June 15, 2009. (Docket Entry 16-3). The Magistrate Judge does not believe this creates a genuine issue of material fact, because this policy is relevant only for the proposition that CCA "will establish minimal physical plant guidelines relative to . . . safety" in compliance with laws and regulations, contractual obligations, and American Correctional Association standards. *Id*. Even if this policy were not in effect, Defendant CCA has shown that multiple policies were in place mandating training, supervision, and equipment maintenance in food preparation.

Even taking all Plaintiff's allegations as true, Plaintiff is clearly asserting that Defendants acted negligently in failing to train and/or supervise him in the use of the tilt skillet and in improperly maintaining the equipment. Negligent conduct, however, is not actionable under § 1983, as it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan*

*Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Thus, Plaintiff's § 1983 claims against both Defendants should be dismissed.[9]

### E. Negligence Claim and Federal Jurisdiction

The Magistrate Judge believes Plaintiff has adequately stated a claim for negligence against both Defendants. Because the Magistrate Judge has recommended that Plaintiff's federal claim be dismissed, however, Plaintiff must rely on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Tennessee. Corporations are deemed citizens of their state of incorporation and of the state in which they maintain their principal place of business. 28 U.S.C. § 1332(c)(1). Defendant CCA maintains its principal place of business in Tennessee and is therefore not diverse from Plaintiff. (Docket Entry 7). Defendant Compass Group has not argued that it is not diverse from Plaintiff.

Because Plaintiff's only remaining claims are based in state law, and because this Court has no jurisdiction over Plaintiff's negligence claim against Defendant CCA, the Magistrate Judge believes Plaintiff's remaining claims should be dismissed without prejudice to refiling in state court. The Magistrate Judge believes the interests of judicial economy would not be served by allowing Plaintiff to proceed in federal court. *See* 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (the justification of supplemental jurisdiction "lies in

---

[9] Because the Magistrate Judge has considered the exhibits submitted by Defendant CCA in this recommendation, Defendant Compass Group's Motion to Dismiss has been treated as a Motion for Summary Judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims").

IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend be **GRANTED**; Defendant CCA's Motion be **GRANTED in part** and **DENIED in part**; and Defendant Compass Group's Motion be **GRANTED in part** and **DENIED in part** and that this action be **DISMISSED without prejudice** to refiling in state court

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this __1st__ day of March, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge