UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROSCOE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-00587 |
| ) | Judge Sharp |
| v. ) | Magistrate Judge Brown |
| ) | |
| CORRECTIONS CORP. OF ) | Jury Demand |
| AMERICA and COMPASS GROUP, ) | |
| USA, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 1, 2011, the Magistrate Judge entered a Report and Recommendation (Docket Entry No. 33), recommending that the Motion for Summary Judgment filed by Defendant Corrections Corporation of America (Docket Entry No. 13) be granted in part and denied in part, the Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Compass Group USA, Inc.[1] (Docket Entry No. 20) be granted in part and denied in part, and Plaintiff's Motion to Amend his Complaint (Docket Entry No. 29) be granted. Despite being specifically advised in the Report and Recommendation that any objections to the recommended disposition needed to be filed within fourteen days, Defendant Compass Group USA, Inc. filed an untimely objection (Docket Entry No. 35). Nevertheless, the Court considered the March 24, 2011 objection and having conducted a *de novo* review of the matter in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommendations. Accordingly,

---

[1] The Court notes that Defendant Compass Group USA, Inc. referred to itself as, "Compass Group USA, Inc. d/b/a Canteen Correctional Services," and stated that it was "incorrectly identified in the Amended Complaint as only 'Compass Group'" (Docket Entry No. 35). For purposes of this Order, the Court will refer to the party as Defendant Compass Group USA, Inc.

1

(1) The Report and Recommendation (Docket Entry No. 33) is hereby ACCEPTED and APPROVED;

(2) Defendant Corrections Corporation of America's Motion for Summary Judgment (Docket Entry No. 13) and Defendant Compass Group USA, Inc.'s Motion to Dismiss or in the Alternative for Summary Judgment (Docket Entry No. 20) are hereby GRANTED in part and DENIED in part because while Plaintiff has adequately stated a claim for negligence against both Defendants, his § 1983 claims against both Defendants should be dismissed;

(4) Plaintiff's Motion to Amend his Complaint (Docket Entry No. 29) is hereby GRANTED because pursuant to Tenn. Code Ann. § 20-1-119, Plaintiff's claims are timely as they relate back to the filing of his original complaint; and

(5) This action is hereby DISMISSED without prejudice to refiling in state court.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE